By the CoüRT.
Campbell, J.
The action is brought, or appears by tbe summons, against tbe firm of Palmer, Cook & Co., of California, of which firm Palmer alone was served with *679 process. Palmer applied to one of the Justices of this court for an order removing the cause into the Circuit Court of the United States for the southern district of New York, on the ground that’ the plaintiff was a citizen of this state, and he and all the other defendants are citizens of the state of California. The order was granted and is now appealed from.
. The defendant Palmer, having been served with process, and the action being against the partnership firm of which he is a member, there is no difficulty in the way of the plaintiff proceeding to judgment under the statute of this state which authorizes judgments in such cases, which may bind the partnership property and the separate property of the partner served with process. This same remedy will remain to the plaintiff in the'Circuit Court of the United States. We see no reason why the action may not proceed there in the same manner as in this court. Other parties may be brought in if the plaintiff can serve them, or if not, the action may proceed against Palmer alona
Under this view of the ease we think the Justice had no discretion. When the proper application was made, and a satisfactory bond tendered, the cause was removed by operation of the act of Congress. The only defendant who had been served with process, the only one whom it was necessary to serve, the only one, perhaps, whom the plaintiff may wish to serve, if he were able to serve the others, was before the court by his petition, stating that the matter m controversy was one of five hundred dollars in value, and that the-plaintiff is a citizen of New York, and he, the defendant, as well as all the other defendants, are citizens of the state of California. It will be time enough under such circumstances to consider as to the wish or assent of the other defendants, to such removal'of the cause when they shall have been served with process and shall appear and make the objection.
It is sufficient that the petition is signed by an attorney of the court. The act of Congress does not require the petition to be signed by the petitioner himself. It is also sufficiently verified, and the bond is all that the act requires. The petitioner must give satisfactory security. He has done so, and, as previously remarked, the cause was removed without any order of the Justice. Virtually there was nothing to appeal from. We have thought that though it may not be necessary in all cases to make like *680 orders for removals of causes, yet it is generally prudent and advisable to do so, as it is necessary at least to make an order approving of the security.
The order appealed from must be affirmed.